MICHELE B. FRIEND, SBN 203865
Michele.Friend@offitkurman.com
OFFIT KURMAN, PC
445 S. Figueroa Street, 18th Floor
Los Angeles, California 90071
Telephone: 213.629.5700
Facsimile: 213.624.9441

V. Amanda Witts (admitted *pro hac vice*)
Nonny O. George (admitted *pro hac vice*)
v.awitts@mitchellsandler.com
ngeorge@mitchellsandler.com
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington DC, 20006
Telephone: (202) 886-5267

***Attorneys for Defendant***
***West Capital Lending, Inc.***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL COHEN and CHRIS ARNET, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST CAPITAL LENDING, INC.,<br><br>Defendant. | Case No. 8:26-CV-00496-MRA-(JDEx)<br><br>**DEFENDANT WEST CAPITAL LENDING, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned for All Purposes to:<br>Hon. Monica Ramírez Almadani<br><br>Complaint Filed: March 3, 2026<br>Amended Complaint Filed: June 5, 2026 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant West Capital Lending, Inc. ("WCL"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the First Amended Class Action Complaint ("FAC") for Violations of the Telephone Consumer Protection Act filed by Plaintiffs Daniel Cohen and Chris Arnet (collectively, the "Plaintiffs"), and avers as follows. If an averment is not specifically admitted, it is hereby denied.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1. Defendant admits Plaintiffs brought this action. Defendant denies the remaining allegations contained in Paragraph 1 of the FAC.

**NATURE OF THE ACTION**

2. Defendant admits that Plaintiffs bring this action as a purported class action. Defendant denies the remaining allegations contained in Paragraph 2 of the FAC.

3. Defendant admits it is a corporation that provides mortgage lending services. Defendant denies the remaining allegations contained in Paragraph 3 of the FAC.

4. Defendant denies the allegations contained in Paragraph 4 of the FAC.

5. Defendant denies the allegations contained in Paragraph 5 of the FAC.

**JURISDICTION AND VENUE**

6. Defendant admits that this Court has jurisdiction over Plaintiffs' individual claims. Defendant denies the remaining allegations contained in Paragraph 6 of the FAC.

7. Defendant does not challenge that this Court has venue over Plaintiffs' individual claims. Defendant denies the remaining allegations contained in Paragraph 7 of the FAC.

**PARTIES**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the FAC and on that basis denies them.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC and on that basis denies them.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the FAC and on that basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC and on that basis denies them.

12. Defendant admits the allegations contained in Paragraph 12 of the FAC.

13. Defendant admits that it conducts business in the State of California. Defendant denies the remaining allegations contained in Paragraph 13 of the FAC.

14. Defendant denies the allegations contained in Paragraph 14 of the FAC.

## FACTS

***Plaintiff Cohen's Experience***

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the FAC and on that basis denies them.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the FAC and on that basis denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the FAC and on that basis denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the FAC and on that basis denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the FAC and on that basis denies them.

20. The allegations that Defendant acted willfully and knowingly are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it willfully and knowingly "disregarded Plaintiff Cohen's "clearly expressed wishes and Defendant's own explicit promises to cease communications." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the FAC and on that basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the FAC and on that basis denies them.

22. The allegations that Defendant "deliberate[ly] fail[ed] to maintain any functional internal do-not-call procedures" are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "deliberate[ly] fail[ed] to maintain any functional internal do-not-call procedures." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the FAC and on that basis denies them.

23. The allegations that Defendant "violated" any "promises" to Plaintiffs are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "violated" any "promises" to Plaintiffs. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the FAC and on that basis denies them.

***Plaintiff Arnet's Experience***

24. Defendant denies the allegations in Paragraph 24 of the FAC.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the FAC and on that basis denies them.

26. The allegations in Paragraph 26 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "ignored Plaintiff and deliberately continued to bombard Plaintiff Arnet, with more unwanted telemarketing text messages on January 15, 2026." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the FAC and on that basis denies them.

27. The allegations in Paragraph 27 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "willful[ly] and knowing[ly] disregarded Plaintiff Arnet's clearly expressed wishes." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the FAC and on that basis denies them.

28. Defendant denies the allegations contained in Paragraph 28 of the FAC as stated.

29. The allegations in Paragraph 29 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "intentionally disregard[ed] Plaintiffs' instructions in order to solicit the sale of its services and products to Plaintiffs." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the FAC and on that basis denies them.

30. The allegations in Paragraph 30 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "refus[ed] to honor Plaintiffs' opt-out requests" and that such alleged refusal "demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant." Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the FAC and on that basis denies them.

31. The allegations in Paragraph 31 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it "refus[ed] to honor Plaintiffs' opt-out requests" and that such alleged refusal "demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the FAC and on that basis denies them.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC and on that basis denies them.

33. The allegations in Paragraph 33 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it failed to act as alleged. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the FAC and on that basis denies them.

34. The allegations in Paragraph 34 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that its actions toward Plaintiffs "demonstrate[] that Defendant does not maintain an internal do-not-call list." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the FAC and on that basis denies them.

35. The allegations in Paragraph 35 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Defendant failed to maintain required procedures and that Plaintiffs' actions reflect that Defendant "did not maintain required procedures." Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the FAC and on that basis denies them.

36. The allegations in Paragraph 36 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the FAC and on that basis denies them.

37. The allegations in Paragraph 37 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that "opt-out requests were not timely honored." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the FAC and on that basis denies them.

38. The allegations in Paragraph 38 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that text messages were transmitted within the time frame relevant to this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the FAC and on that basis denies them.

39. The allegations in Paragraph 39 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

40. Defendant denies the allegations contained in Paragraph 40 of the FAC.

41. The allegations in Paragraph 41 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

42. The allegations in Paragraph 42 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. Defendant denies the allegations contained in Paragraph 43 of the FAC.

44. The allegations in Paragraph 44 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. The allegations in Paragraph 45 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs' consent was revoked. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the FAC and on that basis denies them.

46. The allegations in Paragraph 46 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that consent was revoked. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the FAC and on that basis denies them.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the FAC and on that basis denies them.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the FAC and on that basis denies them.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the FAC and on that basis denies them.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the FAC and on that basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the FAC and on that basis denies them.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the FAC and on that basis denies them.

53. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the FAC and on that basis denies them.

54. Defendant denies the allegations contained in Paragraph 54 of the FAC.

55. Defendant denies that Plaintiffs have suffered any harm, inconvenience, or "disruption to their daily lives." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the FAC and on that basis denies them.

56. Defendant denies that Plaintiffs have suffered "actual harm." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the FAC and on that basis denies them.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the FAC and on that basis denies them.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

58. The allegations in Paragraph 58 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 58 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

59. The allegations in Paragraph 59 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies

the allegations of Paragraph 59 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

60. The allegations in Paragraph 60 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 60 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

61. The allegations in Paragraph 61 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 61 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**NUMEROSITY**

62. The allegations in Paragraph 62 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 62 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

63. The allegations in Paragraph 63 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 63 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including

numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**Common Questions of Law and Fact**

64. The allegations in Paragraph 64 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 64 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

65. The allegations in Paragraph 65 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 65 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**Typicality**

66. The allegations in Paragraph 66 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 66 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**Protecting the Interests of the Class Members**

67. The allegations in Paragraph 67 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 67 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including

numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**<u>SUPERIORITY</u>**

68. The allegations in Paragraph 68 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 68 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

69. The allegations in Paragraph 69 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 69 of the FAC and further denies that any class is certifiable because it lacks the requirements of Fed. R. Civ. P. 23, including numerosity of class members, commonality of questions of law and fact, and typicality of claims, among other requirements.

**COUNT I**

**<u>VIOLATION OF 47 U.S.C. § 227(c)(2)</u>**

**(On Behalf of Plaintiffs and the National Internal Do Not Call Class)**

70. Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.

71. The allegations in Paragraph 71 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 71 of the FAC characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

72. The allegations in Paragraph 72 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 72 of the FAC characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

73. The allegations in Paragraph 73 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 73 of the FAC characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

74. The allegations in Paragraph 74 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

75. Defendant denies the allegations contained in Paragraph 75 of the FAC.

76. Defendant denies the allegations contained in Paragraph 76 of the FAC.

77. The allegations in Paragraph 77 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

78. The allegations in Paragraph 78 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

79. The allegations in Paragraph 79 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

80. The allegations in Paragraph 80 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

81. The allegations in Paragraph 81 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COUNT II**

**Violation of the TCPA, 47 U.S.C. § 227(c)**

**(On Behalf of Plaintiff Arnet and the Do Not Call Registry Class)**

82. Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.

83. The allegations in Paragraph 83 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 83 characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

84. The allegations in Paragraph 84 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 84 characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

85. The allegations in Paragraph 85 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 85 characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

86. The allegations in Paragraph 86 of the FAC are legal conclusions to which no response is required. To the extent that a response is required, Paragraph 86 of the FAC characterizes a statute or regulation that speaks for itself, and the allegations are therefore denied.

87. Defendant denies the allegations contained in Paragraph 87 of the FAC.

88. The allegations in Paragraph 88 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

89. Defendant denies the allegations contained in Paragraph 89 of the FAC.

90. The allegations in Paragraph 90 of the FAC are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

**RESPONSE TO PLAINTIFFS' PRAYER**

Defendant denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief, including any and all relief sought in subparagraphs A through E. All allegations not specifically admitted above are denied.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant pleads the following separate affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent)**

2. As a separate and second affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs gave consent, both express and implied, to be contacted.

**THIRD AFFIRMATIVE DEFENSE**

**(No TCPA Violations)**

3. As a separate and third affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Defendant cannot be liable to Plaintiffs or the absent class members because they did not make or initiate any calls or text messages under the TCPA to Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Conduct)**

4. As a separate and fourth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, because of Plaintiffs' own conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Causation)**

5. As a separate and fifth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs are the cause of all the alleged communications and are therefore barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6. As a separate and sixth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, by the statute of limitations under 28 U.S.C. § 1658(a) to the extent the claims of any members of the putative classes arose prior to the applicable prescriptive or statutory period.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

7. As a separate and seventh affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, because Plaintiff has suffered no damages, and any award of statutory or treble damages would violate due process and constitute an excessive fine under the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Standing)**

8. As a separate and eighth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs and the members of the

proposed classes lack standing to sue under the TCPA because they have not suffered any injury in fact as a result of the challenged conduct.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9. As a separate and ninth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10. As a separate and tenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, by the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

11. As a separate and eleventh affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(TCPA not Applicable)**

12. As a separate and twelfth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred because they were not "residential telephone subscribers" within the meaning of the TCPA and its implementing regulations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

13. As a separate and thirteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative

class members' claims are barred because they had an established business relationship with WCL.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

14. As a separate and fourteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the FAC and the claims therein are barred, in whole or in part, because of the doctrine of unclean hands.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(Safe Harbor)**

15. As a separate and fifteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the TCPA's safe-harbor provisions and any other applicable statutory, regulatory, or common-law safe-harbor defenses.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(No Personal Jurisdiction)**

16. As a separate and sixteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the Court lacks personal jurisdiction over claims asserted on behalf of putative class members whose alleged claims do not arise from or relate to Defendant's contacts with California. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 265 (2017).

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Injunctive and Declaratory Relief Improper)**

17. As a separate and seventeenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims for injunctive or declaratory relief are barred because they cannot establish irreparable harm or the absence of an adequate remedy at law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

18. As a separate and eighteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred because Plaintiffs failed to join necessary and indispensable parties under Federal Rule of Civil Procedure 19.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Third Party Liability)**

19. As a separate and nineteenth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that all conduct and activities of Defendant alleged in the FAC complied with and conformed to all applicable laws, statutes, government regulations, and industry standards based upon the state of knowledge existing at the times alleged in the FAC. By way of further explanation, Defendant reasonably and in good faith believes that the Plaintiffs and the putative class members were contacted pursuant to and in compliance with the TCPA. To the extent that Defendant is mistaken as to the manner in which Plaintiffs' and the putative class members' contact information was collected, and/or consent given, other third parties should be found liable for Plaintiffs' and the putative class members' damages, to the extent any exist, and not Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Superseding Intervening Cause)**

20. As a separate and twentieth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the alleged injuries were caused by events outside the control of any of the parties and/or a superseding intervening cause and not by Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Vicarious Liability)**

21. As a separate and twenty-first affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Defendant did not violate the TCPA directly and Plaintiffs failed to allege a claim under any theory of vicarious liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Improper Class Action)**

22. As a separate and twenty-second affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that this lawsuit cannot proceed as a class action, that Plaintiffs' proposed class is not readily ascertainable, that Plaintiffs do not or cannot fairly and adequately represent any class, that there are no common questions of fact or law that predominate over individual questions, that a class action is not superior to other means of resolving the issues presented in this lawsuit, and that the interests of the putative class are inconsistent and conflicting. Many issues in this case are fact specific and unsuitable for resolution in a class action. Defendant may have additional affirmative defenses to assert against class members and reserves the right to assert those affirmative defenses in a timely fashion.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Improper Class Representative)**

23. As a separate and twenty-third affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' claims are barred in whole or in part because Plaintiffs are not proper representatives to bring this action on behalf of any proposed class.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Willful or Knowing Conduct)**

24. As a separate and twenty-fourth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Defendant did not willfully or knowingly violate the TCPA or any of its regulations.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Reasonable Practices)**

25. As a separate and twenty-fifth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that Plaintiffs' and the putative class members' claims are barred in whole or in part or are limited because Defendant has established and implemented with due care reasonable practices and procedures to effectively prevent any alleged violations of the TCPA.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Aggregated Statutory Damages)**

26. As a separate and twenty-sixth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that aggregated statutory damages in TCPA class actions are so severe and oppressive as to be wholly disproportionate to the offense and in certain extreme circumstances, subject to constitutional due process limitations. Thus, any aggregated damages award in this case must be evaluated under the *Six Mexican Workers* test. *See Wakefield v. ViSalus, Inc*., 51 F.4th 1109, 1123 (9th Cir. 2022) ("*Six Mexican Workers* provides further guidance for determining whether a particular statutory damages award is disproportionately punitive in the aggregate") (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1309 (9th Cir. 1990)). The factors to consider include: "1) the amount of award to each plaintiff, 2) the total award, 3) the nature and persistence of the violations, 4) the extent of the defendant's culpability, 5)

damage awards in similar cases, 6) the substantive or technical nature of the violations, and 7) the circumstances of each case." *Id.* (internal citations omitted).

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Inadequate Notice)**

27. As a separate and twenty-seventh affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that the restrictions imposed by the TCPA are unconstitutionally vague because they do not give a person of ordinary intelligence adequate notice of the conduct that is prohibited. *See Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**TWNEY-EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

28. As a separate and twenty-eighth affirmative defense to the FAC, and to the purported claims set forth therein, Defendant alleges that any award to Plaintiffs and the putative class members would constitute unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered the FAC, Defendant prays for judgment as follows:

A. That the Court deny Plaintiffs' request to certify the proposed classes under Rule 23;

B. That Plaintiffs and the putative classes take nothing by virtue of the FAC;

C. That the FAC be dismissed with prejudice and judgment be entered in favor of Defendant;

D. That the Court award Defendant its attorney's fees and costs, as allowed by law; and

E. That the Court award Defendant such other and further relief as it deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby

demands a trial by jury on all issues triable to a jury.

DATED: July 10, 2026

MITCHELL SANDLER PLLC

By: /s/ *V. Amanda Witts*
V. Amanda Witts (admitted *pro hac vice*)
Nonny O. George (admitted *pro hac vice*)

***Attorneys for Defendant West Capital Lending, Inc.***

**PROOF OF SERVICE**
**DANIEL COHEN V. WEST CAPITAL LENDING, INC.**
**8:26-cv-00496**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 2020 K St. NW, Suite 760, Washington D.C. 20006.

On July 10, 2026, I served true copies of the following document described as **DEFENDANT WEST CAPITAL LENDING, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

EDELSBERG LAW, P.A.
Scott Edelsberg, Esq.
1925 Century Park E #1700
Los Angeles, CA 90067
scott@edelsberglaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2026, at Washington, D.C.

*/s/ V. Amanda Witts*